**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CATHERYNNE KENDRICK,                                                    PLAINTIFF
ADC #708204

v.                                        1:11-cv-00110-JLH-JTK

STEPHEN A. GILBERT, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Plaintiff Catherynne Kendrick, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 5).  Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), her Motion will be denied.

## II.    SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §1915(a).  Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff, who is also known as Catherynne Prior-Kendrick and Theresa C.W. Pryor-Kendrick, has filed numerous actions that qualify as strikes against her under § 1915(g).  See e.g., Pryor-Kendrick v. Clinger, et al., Civil No. 06-5197 (W.D.Ar.) (dismissed as frivolous); Pryor-Kendrick v. Gunn, et al., Civil No. 06-5196 (W.D.Ar.) (dismissed as frivolous); Pryor-Kendrick v. Keith, et al., Civil No. 06-5195 (W.D.Ar.) (dismissed as frivolous); Pryor-Kendrick v. Newton, et al., Civil No. 05-5177 (W.D.Ar.) (dismissed as frivolous); and Kendrick v. Doe, No. 4:08-cv-00359 (E.D.Ar.) (dismissed as frivolous).

In addition, the Court finds that Plaintiff's present claim – that Defendants filed several disciplinary charges against her in retaliation for grievances and lawsuits she filed against them – does not state a claim she is in imminent danger of serious harm.  Although Plaintiff also moves the Court to re-designate this case as a petition for writ of habeas corpus (Doc. No. 9), the Court finds that her retaliation allegations and the requested relief of monetary damages from the Defendants renders this case properly as a civil rights complaint under § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), where the court stated that a § 1983 action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  In addition, to the extent that Plaintiff seeks habeas relief in this action – the expungement of her disciplinary convictions – she may file a separate habeas corpus petition with respect to that requested relief.  However, habeas relief is the exclusive remedy if Plaintiff's attack on those convictions "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration."  Pryor-Kendrick v. Norris, No. 5:08cv00105JWC, 2008 WL 4756190 (E.D.Ar. 2008), quoting Preiser, 411 U.S. at 489.  In addition, when "the length of an inmate's

3

confinement is affected by the loss of good-time credits as a result of an adverse prison disciplinary decision, federal habeas is the exclusive federal forum for claims challenging those disciplinary decisions." Pryor-Kendrick v. Norris, supra, quoting Portley-el v. Brill, 288 F.3d 1063, 1066 (8th Cir. 2002).

Therefore, the Court finds that Plaintiff's present Complaint does not fall within the exception to the "three-strikes" provision of the PLRA, and that her Motions to Proceed In Forma Pauperis and for Order to re-designate this action as a habeas petition should be denied.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff Kendrick's Motion to Proceed In Forma Pauperis  (Doc. No. 5) be DENIED.

2.    Plaintiff's Motion for Order to re-designate this case as a habeas action (Doc. No. 9) be DENIED.

3.    Should Plaintiff wish to continue this case, she be required to submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.

4.    Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 10th day of January, 2012.

_____
     JEROME T. KEARNEY
     UNITED STATES MAGISTRATE JUDGE